SUMMARY ORDER

Petitioner Zhen Chao Tian, a native and citizen of the People’s Republic of China, seeks review of a July 30, 2008 order of the BIA affirming the December 6, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhen Chao Tian, No. A99 599 268 (B.I.A. July 30, 2008), aff'g No. A99 599 268 (Immig. Ct. N.Y. City Dec. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA affirms the IJ’s decision in some respects but not others, we review *72 the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA disagreed with the IJ’s pretermission of Tian’s asylum application but agreed with her denial of Tian’s applications for relief on the merits. Accordingly, we assume Tian timely filed his asylum application.
We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the BIA did not err in finding that Tian failed to establish his eligibility for asylum. In Shi Liang Lin v. U.S. Dep’t of Justice, we held that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 314 (2d Cir. 2007). Rather, those persons may qualify for refugee status if they “can prove past persecution, or a fear of future persecution for ‘resistance’ that is directly related to [their] own opposition to a coercive family planning policy.” Id. at 313. Thus, the BIA properly determined that Tian is not eligible for relief based solely on his wife’s alleged forced abortions. See id. at 314; see also Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007) (holding that a claim based solely on the forced sterilization of petitioner’s wife is “doomed”); Shu Wen Sun v. BIA, 510 F.3d 377, 381 (2d Cir. 2007) (same).
Tian argues in his brief to this Court that he has a well-founded fear of persecution because family planning officials will force him to undergo sterilization if returned to China. Yet, to the extent Tian claims that he will face persecution, the agency found his claim not credible. We find no error in that decision which was properly based on his demeanor and failure to provide certain corroborative evidence.[2] See 8 U.S.C. § 1158(b)(1)(B)(iii); Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005) (indicating that particular deference is given to an IJ’s demeanor finding); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Accordingly, because Tian fails to demonstrate his prima facie eligibility for asylum or withholding of removal, there is no reason to disturb the BIA’s decision. See 8 U.S.C. § 1158(b)(1)(B).[3]
Finally, because Tian fails to meaningfully argue in his brief to this Court that he is eligible for CAT relief, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, any such arguments are deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).
*73 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. It appears that Tian’s brief to this Court makes a claim that is distinct from that which he raised before the agency. Before the agency, Tian claimed to fear persecution because he had a fight with family planning officials. Before this Court, however, he claims to fear forced sterilization because his wife was unable to undergo such a procedure. We must base our decision only on the record that was before the agency. See 8 U.S.C. § 1252(b)(4)(a).

. Because Tian does not challenge the IJ's denial of his illegal departure claim either before the BIA or this Court, we deem any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).